## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KARINA PEREZ RUIZ, et al.,

       Plaintiffs,

v.                                                                                    No. 1:23-cv-110 MV/KRS

UNITED STATES OF AMERICA,

       Defendant.

## ORDER GRANTING PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND TO QUASH NOTICES OF DEPOSITION

THIS MATTER is before the Court on Plaintiffs' Emergency Motion for Protective Order and to Quash Notices of Deposition, (Doc. 46), filed March 20, 2024.  Pursuant to the Court's Order for Expedited Briefing, (Doc. 47), Defendant filed a response to the Motion on March 26, 2024 and Plaintiffs filed a reply on March 28, 2024.  (Docs. 49 and 50).  Having considered the Motion for Protective Order, record of the case, and relevant law, the Court grants Plaintiff's Motion for Protective Order and stays discovery in this case.

Plaintiffs ask the Court to enter a protective order limiting their obligation to respond to Defendant's discovery and requests for depositions, quash Defendant's notices of deposition, and stay discovery in this case until Plaintiffs' Motion to Enforce Settlement, (Doc. 41), is resolved. (Doc. 46).  Plaintiffs further request a deadline to respond to Defendant's discovery requests to be set for thirty days after the Motion to Enforce Settlement is ruled on.  *Id.*  Defendant opposes the Motion for Protective Order because it does not believe this case has settled so it is continuing to engage in discovery and needs to depose the named Plaintiffs to adequately prepare

for trial.  (Doc. 49) at 1-4.[1]  In reply, Plaintiffs maintain it is their position that this case has

settled and argues that requiring Plaintiffs to continue to participate in discovery poses an

unnecessary financial burden on them.  (Doc. 50).

Modification of the Court's scheduling order deadlines "requires a showing of good

cause and Court approval."  D.N.M. LR-Civ. 16.1; *see also Abdulhaseeb v. Calbone*, 600 F.3d

1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's

broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the

court has broad discretion to manage the progression of discovery).  Considering the pending

Motion to Enforce Settlement, the Court finds good cause to vacate the current pretrial deadlines

and stay discovery until that motion is resolved.  If the motion is denied, the Court will set a new

scheduling conference to reset discovery and pretrial deadlines.

IT IS THEREFORE ORDERED that Plaintiffs' Emergency Motion for Protective Order

and to Quash Notices of Deposition, (Doc. 46), is granted.  The notices of deposition are

quashed, the current pretrial deadlines are vacated, and discovery in this case is stayed until

Plaintiffs' Motion to Enforce Settlement, (Doc. 41), is resolved.  If the Motion to Enforce

Settlement is denied, the Court will set a new scheduling conference.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant states that it, "by separate motion, moves for an order compelling Plaintiffs to appear for their depositions."  (Doc. 49) at 1.  No separate motion has been filed, and it is improper to combine a motion with a response brief.  *See* Fed. R. Civ. P. 7 ("A request for a court order must be made by motion.").