IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KARINA PEREZ RUIZ, et al.,

      Plaintiffs,

v.                                                                  No. 1:23-cv-110 MV/KRS

UNITED STATES OF AMERICA,

      Defendant.

**ORDER GRANTING UNOPPOSED MOTION TO APPOINT GUARDIAN AD LITEM**

THIS MATTER is before the Court on Plaintiffs' Unopposed Motion for Appointment of a Guardian Ad Litem, (Doc. 64), filed June 14, 2024.[1]  Plaintiffs state they have reached a proposed settlement of their claims and seek judicial approval of the minor Plaintiffs' claims.  *Id.* at 1.  Having considered the Unopposed Motion for Appointment of a Guardian Ad Litem, the record of this case, and relevant law, the Court hereby FINDS:

1. There is good cause for the appointment of a Guardian Ad Litem to investigate on behalf of the Court the fairness and reasonableness of the settlement in its effect on the minor Plaintiffs.

2. The Guardian Ad Litem's appointment does not contemplate representation of the minors as an advocate, but only as a functionary of the Court.  The Guardian Ad Litem's responsibilities under this appointment are to be to the Court, and not to the minors.  The minors in this matter are presently represented by counsel.

---

[1] The Court will address the portion of the Motion requesting approval of the proposed settlement in a separate proposed findings and recommended disposition.

3. There are strong public policy reasons to grant immunity to the Guardian Ad Litem in this case, who is acting as an "arm of the court" and is performing an essential role in this Court's administration of justice.

4. All immunities and privileges available to the Guardian Ad Litem, as articulated by the New Mexico Supreme Court in *Collins v. Tabet*, 1991-NMSC-013, 111 N.M. 391, should be extended to the Guardian Ad Litem in this matter.

5. Raynard Struck is qualified to perform as a Guardian Ad Litem in this matter, is acceptable to the parties, and has agreed to serve as the Guardian Ad Litem.

6. The Court contemplates that the Guardian Ad Litem's duties may require him to engage in communications with the parties, witnesses, and others who may be reluctant to assist the Guardian Ad Litem in fulfilling his duties unless those communications are deemed confidential. An order protecting those communications is proper.

7. The reasonable fees of the Guardian Ad Litem and proceedings shall be paid pursuant to the terms of an executed settlement agreement, the Department of Justice "Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677."

8. The Guardian Ad Litem shall be discharged from his duties as Guardian Ad Litem upon conclusion of this litigation herein.

IT IS THEREFORE ORDERED that Raynard Struck is appointed Guardian Ad Litem as an "Arm of the Court," appointed in connection with this Court's consideration of a settlement involving the minor Plaintiffs, and shall be absolutely immune from any liability for actions taken pursuant to this appointment, in so far as his conduct in the case is as a result of an investigation on behalf of this Court into the fairness and reasonableness of the settlement, the

manner in which the settlement monies will be held or used on behalf of the minor children and in its effect on the minor children. The Guardian Ad Litem's duties and obligation in this Court are owed to the Court, and not the minor Plaintiffs.

    IT IS SO ORDERED.

                                                  KEVIN R. SWEAZEA
                                                  UNITED STATES MAGISTRATE JUDGE